## Racketa v. Gustave Paul, Inc.

*Marc L. Marks*, for plaintiff.

*Albert E. Acker*, for defendant.

McKay, J., June 14, 1961.—In this action of assumpsit, defendant has filed a preliminary objection to the complaint in which it requests that the complaint be made more specific.

The complaint alleges that defendant furnished to plaintiff cement blocks for use in the foundation of a home which plaintiff was building; that the blocks were not merchantable in that they crumbled, cracked and deteriorated to the degree that it is necessary to rebuild the foundation, replace cracked bricks and replaster cracks throughout the house. In setting forth the work which must be done, the complaint alleges the following: (a) Excavate around the home to replace all cement blocks in the foundation walls; (b) raise the garage and house off the foundation walls; (c) remove all cement block from the foundation wall; (d) replace foundation wall with new block; (e) repair plaster cracks throughout the house; (i) repair cracks in the brick walls and replace brick; (g) rough grade ground removed from around foundation.

The plaintiff, in paragraph 11 of the complaint, states:

"To have this work done as mentioned in Paragraph ten, it will be necessary for the plaintiff to expend the sum of Seven Thousand Five Hundred ($7,500.00) Dollars."

The preliminary objection requests that plaintiff be required to allege the amount claimed as the cost of each of the items (a) to (g).

We agree with the general principle advanced by defendant that, in an action of assumpsit, damages, where definitely ascertained or ascertainable, may not be lumped: Price v. The Pennsylvania Railroad Co., 17 D. & C. 2d 518. Such damages are "special damage," within the provisions of Pa. R. C. P. 1019, which requires that "averments of items of special damage shall be specifically stated."

Further, the rule requires not only that the elements of damage be itemized but, where they are already liquidated or reasonably capable of ascertainment, the respective amounts of damage attributable to each item should be set forth: Rosenblum v. United Natural Gas Co. (No. 2), 14 D. & C. 2d 239 (1958).

In the instant case, however, there are two unusual facts. First, the repairs in question have not been actually made. The complaint merely avers that they will be required. Second, when made, they are of the kind that ordinarily are included in one contract.

In such a situation, it would, we think, be unreasonable to require plantiff to furnish defendant a breakdown of the estimate of the costs of the various items that make up the whole repair pob. It is sufficient for plaintiff to list the items of work to be done and to apprise defendant of the estimated cost of the whole repair job. This he has already done. Defendant has all the information relative to damages that he reasonably requires in order to defend the action.

*Order*

Now, June 14, 1961, it is ordered that defendant's preliminary objection is hereby dismissed and that defendant is required to answer the complaint within 20 days after receipt of notice of this order.